## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| KEVIN BISHOP, | ) | |
| Plaintiff, | ) | Case No. 2:08-cv-00726-RLH-GWF |
| vs. | ) | **ORDER** |
| JOHN E. POTTER, *et al.*, | ) | Motion to Compel (#121) |
| Defendants. | ) | |

This matter is before the Court on Plaintiff Kevin Bishop's Motion to Compel and for Sanctions (#121), filed May 19, 2010; Defendants' Opposition to Motion to Compel and for Sanctions (#138), filed June 14, 2010; and Plaintiff's Reply to Defendants' Opposition to Motion to Compel and for Sanctions (#153), filed June 30, 2010.

### DISCUSSION

Plaintiff requests that the Court issue an order compelling Defendants to substantively respond to discovery requests served upon them. (#121). Discovery closed in this matter on April 30, 2010. (#74). Prior to the close of discovery, Plaintiff served Defendants with the following four sets of discovery requests:

- First Set of Interrogatories, served March 29, 2010;
- Second Set of Interrogatories, served March 30, 2010;
- First Set of Requests for Admissions, served April 14, 2010; and
- First Set of Requests for Production of Documents, served April 14, 2010.

(#121 at 5-6).

Defendants responded on April 28, 2010, objecting to all of the discovery requests as untimely. (#138-1 at 2-3).

. . .

1  Discovery requests must be made in a timely fashion.  A party served with interrogatories,
2  requests for admissions or requests for production must respond within 30 days after being served
3  with the discovery requests.  Fed.R.Civ.P. 33(b), 34(b) and 36(a)(3).  This Court has previously
4  found that in order for discovery requests to be timely, the requesting party must serve them at least
5  30 days before the discovery cutoff in order to allow the other party sufficient time to respond.
6  *Andrews v. Raphaelson*, 2007 WL 160783, *6 (D.Nev. Jan. 12, 2007) (noting that service of
7  requests less than 30 days before the discovery cut-off date constitutes unreasonable delay as the
8  requesting party "should have commenced their general written discovery well before the discovery
9  cut-off date").  This Court is not alone in finding that discovery requests served less than 30 days
10 prior to the discovery deadline are untimely.  *See Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th
11 Cir. 2003) (stating that discovery requests served on the date of discovery cut off would be
12 untimely); *Smith v. Principal Cas. Ins. Co.,* 131 F.R.D. 104, 105 (S.D.Miss. 1990) (holding
13 interrogatories served six (6) days prior to the discovery cut off were untimely); *Brooks v. Johnson*
14 *& Johnson*, 1990 U.S. Dist. LEXIS 8144, *3, 1990 WL 92569 (E.D.Pa. June 28, 1990) (holding
15 requests for discovery must be made with "sufficient time to allow the answering party to respond
16 before the termination of discovery"); *Northern Indiana Public Serv. Co. v. Colorado*
17 *Westmoreland, Inc.*, 112 F.R.D. 423, 424 (N.D.Ind. 1986) (stating that it is "common sense" that
18 requests must be made with sufficient time to respond before the deadline).
19  Under this 30 day requirement, discovery requests should have been served prior to March
20 31, 2010 in order to be timely.   As they were served on April 14, 2010, 16 days prior to the close
21 of discovery, Plaintiff's requests for admissions and requests for production of documents are
22 untimely.  The Court will uphold Defendants' timeliness objections and Defendants are not
23 required to respond to Plaintiff's requests for admissions and requests for production of documents.
24  Defendants additionally argue that Plaintiff's First and Second Set of Interrogatories are
25 untimely because discovery requests must be served 33 days prior to the close of discovery in order
26 to be considered timely.  (#138 at 2-4).  Defendants argue that Fed.R.Civ.P. 6(d) grants a party an
27 additional three (3) days to serve responses where the requests were served by mail.  (*Id.*)  Based on
28 this provision of Rule 6, Defendants contend that a party must serve discovery requests at least 33

days prior to the close of discovery. (*Id.*) Defendants therefore argue that Plaintiff's interrogatories should have been served on or before March 27, 2010 in order to be timely.

While discovery requests should generally be served at least 33 days prior to the close of discovery, this requirement is not absolute. The Court can excuse the failure to comply with the deadline if it is not excessive. Because Plaintiff served his interrogatories 31 and 32 days prior to the close of discovery, the Court overrules Defendants' timeliness objections. Defendants shall respond to Plaintiff's interrogatories and may assert appropriate objections to specific interrogatories.

In regard to Plaintiff's motion for sanctions, the Court finds that sanctions are not warranted at this time. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Kevin Bishop's Motion to Compel and for Sanctions (#121) is **granted in part** and **denied in part**, as follows:

1. Defendants' timeliness objections are upheld as to Plaintiff's requests for admissions and requests for production of documents;
2. Defendants' timeliness objections are overruled as to Plaintiff's first and second set of interrogatories. Defendants shall respond to the interrogatories on or before **August 3, 2010** and may assert appropriate objections; and
3. Plaintiff's motion for sanctions is **denied**.

DATED this 14th day of July, 2010.

_____
**GEORGE FOLEY, JR.**
**United States Magistrate Judge**